**FARMERS STATE BANK, Appellant,**

v.

**FIRST STATE BANK OF LIBERTY et al.,**
Appellees.

No. 3588.

Court of Civil Appeals of Texas.
Waco.

Oct. 30, 1958.

John T. Buckley, Jeff Cochran, Cleveland, for appellant.

Cain, Taylor & Cain, Liberty, for appellee.

McDONALD, Chief Justice.

This is an appeal from a summary judgment granted under Rule 166–A, Texas Rules of Civil Procedure. Parties will be referred to as in the Trial Court. Plaintiff

Farmers State Bank of Cleveland brought this suit against J. O. Trantham and wife and Glenn Roberds, and the First State Bank of Liberty, alleging that Trantham and wife had entered a contract with Roberds whereby Roberds was to construct a dwelling house for the Tranthams; that the Tranthams had executed a note and a contractor's and materialman's lien in the amount of $16,900 on a lot owned by them and delivered same to Roberds; that on 29 September 1956 Roberds transferred and assigned such note and lien to plaintiff Farmers State Bank for a consideration of $16,900; and that on 29 September 1956 the defendant First State Bank of Liberty wrote plaintiff bank a letter as follows:

> "First State Bank
> "Liberty, Texas.
>
> "September 29, 1956
>
> "Farmers State Bank
> "Cleveland, Texas.
> "Dear Sirs:
> "This is to confirm an agreement between this bank and Mr. J. O. Trantham of this city for financing a home to be built to his order. We have agreed to either finance direct or secure for Mr. Trantham from the sale of Humble Oil Co. stock which he owns and we have in our possession the necessary amount to pay off this home when completed according to plans and specifications. It is understood these plans now call for this home to cost $16,900.
>
> "Very truly yours
> "Benny L. Rusk
> "V/P & Cashier

Plaintiff pleads that the foregoing letter constitutes a warranty on the part of the Liberty bank to pay the obligation of Trantham and wife, and that it relied on such promise and agreement. Plaintiff alleges the note for $16,900 has not been paid and pleads for judgment for $16,900 against the Tranthams, Roberds and the Liberty bank (as well as for foreclosure of its lien, interest and attorney's fees).

The defendant First State Bank of Liberty answered by general denial and by allegation that the letter sued on does not warrant payment of the Tranthams' obligation nor constitute a contract upon which plaintiff Cleveland bank can recover as a third party beneficiary.

Defendant Liberty bank then filed its motion for summary judgment on the grounds that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law because (1) the letter supra on its face does not warrant the payment to plaintiff Cleveland bank of the Tranthams' debt; (2) nor can the agreements recited to have been made therein between the Tranthams and the Liberty bank be construed to be for the benefit of plaintiff Cleveland bank. In support of its motion for summary judgment defendant Liberty bank attached the affidavit of J. O. Trantham that the letter supra recites the exact agreement between himself and the Liberty bank and that such agreements were not made for the benefit of the Cleveland bank, and that the house involved had never been completed according to its plans and specifications.

The affidavit of Benny L. Rusk, who signed the letter supra, is further attached to the motion for summary judgment. This affidavit reflects that Rusk or the Liberty bank never had any dealing whatsoever with the plaintiff Cleveland bank about this matter; that the letter was written and handed to Roberds by Rusk to reflect the agreement the Liberty bank had with the Tranthams; that such agreements were solely for the benefit of the Tranthams and for no third party; that Roberds wanted to finance the house at the Cleveland bank and requested the affiant to give a letter stating what the Liberty bank's agreement had been with the Tranthams, so that Roberds could work out a financing agreement with the Cleveland bank; that the Liberty bank never received any consideration; never assumed or intended to assume or warrant payment of plaintiff Cleveland bank's claim against Roberds or the Trant-

hams; that the Liberty bank never agreed or promised to provide any one but the Tranthams any money.

Thereafter the plaintiff Cleveland bank filed what it designated its 1st Amended Answer to Motion for Summary Judgment, in which it asserts that the letter supra was written by the Liberty bank as a guarantee of the payment of the $16,900 represented by the Trantham-Roberds construction contract and mechanic's lien. Such answer was sworn to by one of plaintiff bank's attorneys.

The Trial Court sustained defendant Liberty bank's motion for summary judgment and decreed that plaintiff take nothing against the defendant Liberty bank.

Plaintiff Cleveland bank appeals on one point of error: The Trial Court erred in granting the motion of defendant bank for summary judgment because there was a bona fide issue of fact to be submitted to the jury as to the intention of Benny L. Rusk, as Vice-President and Cashier of the Liberty bank, in the direction of the letter of September 29, 1956, to the Cleveland bank.

In its brief the plaintiff bank contends that the defendant Liberty bank intended to guarantee the payment of the Trantham obligation in writing the letter, and "that there is a bona fide issue of a substantive right as between such First State Bank and the plaintiff Farmers State Bank, and if there be any ambiguity in such letter, or if the same be indefinite in its terms, it is certainly subject to explanation by extrinsic evidence offered by the plaintiff * * *".

This appeal presents the question of whether the letter written by the defendant Liberty bank, constitutes a guarantee of the Tranthams' obligation to the plaintiff Cleveland bank. Such letter reads:

"Farmers State Bank
"Cleveland, Texas.
"Dear Sirs:

"This is to confirm an agreement between this bank and Mr. J. O. Trant-

ham of this city for financing a home to be built to his order. We have agreed to either finance direct or secure for Mr. Trantham from the sale of Humble Oil Co. stock which he owns and we have in our possession the necessary amount to pay off this home when completed according to plans and specifications. * * *"

Applicable law is expressed in Mercantile Nat. Bank at Dallas v. McCullough Tool Co., Tex.Civ.App., 250 S.W.2d 870, at page 881 in the dissenting opinion which was upheld by the Supreme Court, 152 Tex. 471, 259 S.W.2d 724, 729, as follows [250 S.W.2d 881]:

" 'Parties are presumed to contract for themselves. It follows that a contract will not be construed as having been made for the benefit of a third person unless it clearly appears that such was the intention of the contracting parties.' Citizens Nat. Bank in Abilene v. Texas & P. Ry. Co., 136 Tex. 333, 150 S.W.2d 1003, 1006.

" 'One claiming to be a third party beneficiary under a contract alleged to have been made for his benefit cannot recover thereon merely because he will be incidentally benefited by its performance. He must be a party to the consideration or the contract must have been entered into for his benefit, 13 C.J. 709, sec. 817, and he must accept it as made and must succeed or fail upon its terms.' Price v. Lee, Tex.Civ. App., [W/E denied], 119 S.W.2d 673, 675.

" 'An incidental beneficiary acquires by virtue of the promise no right against the promisor or promisee.' Restatement of the Law of Contracts, Sec. 147, * * * page 155."

We think the letter on its face is clear and that it is only a recitation of the Liberty bank's agreement with the Tranthams; and that it is in nowise a guaranty of Trantham's obligations, nor a promise to do any-

thing for the Cleveland bank. The letter recites that the Liberty bank agreed to either finance the house for the Tranthams, *or secure for Trantham* from the sale of Trantham's stock the necessary funds to pay off the house. Under the foregoing authorities such letter cannot be construed as a guaranty of Trantham's obligations to the plaintiff Cleveland bank.

Further to the foregoing, plaintiff did not file any controverting affidavits as required by Rule 166-A, nor did plaintiff attempt to avail of subdivision (f) of Rule 166-A, which provides that when controverting affidavits are unavailable that delay may be secured in order to attempt to secure affidavits or take depositions. Holland v. Landsdowne-Moody Co., Tex.Civ.App., 269 S.W.2d 478, 481 (no writ history), expresses the rule in such situation:

> "Where a plaintiff, at a hearing on defendant's motion for summary judgment under Rule 166-A, files no counter affidavits, and makes no showing other than as stated in their pleadings, and makes no showing that affidavits are unavailable, he in effect admits the facts alleged in defendant's sworn affidavits supporting the motion, and for which reason cannot complain of the court's granting the motion for summary judgment."

To the same effect are: Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236, W/E Ref. NRE; Fowler v. Texas Employers Ins. Ass'n, Tex.Civ.App., 237 S.W.2d 373, W/E Ref.; Rountree v. Bridwell, Tex.Civ. App., 269 S.W.2d 824, W/E Ref. NRE; Estes v. Oilfield Salvage Co., Tex.Civ.App., 284 S.W.2d 201; Lacy v. Carson Manor Hotel, Inc., Tex.Civ.App., 297 S.W.2d 367, W/E Ref. NRE.

■ Plaintiff bank in its pleading styled "1st Amended Answer to Motion for Summary Judgment" asserts that the letter involved was written as a guarantee of payment of the Trantham obligation. Even if such pleading be treated as an affidavit, such statement is a *conclusion,* and is further not in compliance with the rule requiring opposing affidavits to be on personal knowledge, *setting forth facts as may be admissible in evidence, and showing affirmatively that the affiant is competent to testify to the matters stated therein.*

■ Statements in affidavits that are mere conclusions of law, or which are not admissible in evidence, or which do not affirmatively show the affiant to be competent to testify to the matters stated therein, are insufficient to warrant the overruling of a motion for summary judgment. Mugrage v. Tex. Employers Ins. Ass'n, Tex.Civ.App., 304 S.W.2d 189, W/E Dism'd.; Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832, W/E Ref.; 41 Tex.Jur. pp. 49, 50.

We overrule plaintiff's point and hold that defendant's motion for summary judgment was properly sustained.

The judgment of the Trial Court is affirmed.

HALE, J., not participating.