**John H. SPILLYARDS and the Employer's Liability Assurance Corporation, Ltd., Appellants,**

**v.**

**FERRIS BRICK COMPANY, Appellee.**

No. 4365.

Court of Civil Appeals of Texas.

Waco.

April 29, 1965.

Rehearing Denied May 27, 1965.

James E. Gleeson, Ferris, for appellants.

Spafford, Freedman, Hamlin, Gay & Whitham, Richard S. Geiger, Dallas, for appellee.

McDONALD, Chief Justice.

This is an appeal from a summary judgment for plaintiff in a suit for recovery under the terms of a Labor and Material Payment Bond.

Plaintiff Brick Company instituted this suit: against defendant Spillyards (contractor for construction of Green Funeral Home) upon a sworn account for $934.32 due for brick delivered; and against de-

fendant Employers as surety upon a labor and material bond issued for the benefit of claimants, and conditioned that Spillyards promptly pay for all labor and material used in construction of Green Funeral Home. Plaintiff alleged that it was a claimant furnishing materials for which it had not been paid.

Spillyards filed no answer. Employers answered by general denial. Thereafter plaintiff moved for Summary Judgment against both defendants pursuant to Rule 166A, Texas Rules of Civil Procedure. Plaintiff attached a certified copy of defendant Employers' Labor and Material Payment Bond on file in the Ellis County Clerk's Office (which reflected Employers would pay any furnisher of labor and material on the Green Funeral Home job, which after 90 days was not paid by contractor Spillyards). Plaintiff further attached the affidavit of its Vice President, T. C. Hooker, which stated affiant was competent to testify; had personal knowledge of the matters stated; that plaintiff had delivered to Spillyards, brick for use on Green Funeral Home job; that the balance due for such brick was $934.32; that the defendant Employers' payment bond was on file in the Clerk's office of Ellis County; and that more than 90 days had elapsed since the last brick delivery to Spillyards.

Defendant Employers filed a controverting motion, plea in abatement, and amended answer, which asserted, among other things, that a general denial was sufficient "to put the question in issue"; that defendant Spillyards was a bankrupt in Federal Court prior to the filing of the instant case, and plaintiff has a provable claim which should first be pursued in the Bankrupt Court; and that the bond issued by Employers was obtained by fraud on the part of Spillyards. Defendant Employers prayed that summary judgment not be granted; that the cause be held in abeyance until disposition of the bankruptcy proceeding; and that plaintiff take nothing against Employers.

Employers' attorney made affidavit to all of the foregoing that "to the very best of his knowledge and belief every statement alleged * * * is true and correct * * *."

The Trial Court granted plaintiff's motion for summary judgment against both Spillyards and Employers.

Employers appeals on 12 points, contending the Trial Court erred:

1) In granting plaintiff's motion for summary judgment.

2) In not granting Employers' plea in abatement.

■ Plaintiff's motion and affidavit established that plaintiff was entitled to summary judgment against both defendants, unless defendants countered with affidavits (or depositions) which raised an issue of material fact. Spillyards filed no controverting plea. Employers filed opposition to plaintiff's motion, amended answer, and a plea in abatement, and Employers' attorney verified the matter set forth "to the very best of" his "knowledge and belief," "is true and correct." Rule 166A(e) requires that supporting or opposing affidavits shall be made on personal knowledge setting forth facts admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein.

Employers' attorney's verification above does not constitute the matters so verified an affidavit as required by the rule, and is ineffectual to oppose plaintiff's motion for summary judgment. Youngstown Sheet & Tube Co. v. Penn, Sup.Ct., 363 S.W.2d 230; Nagelson v. Fair Park Nat. Bank, CCA (n. r. e.), 351 S.W.2d 925; Farmers State Bank v. First State Bank, CCA, (n. w. h.), 317 S.W.2d 768; Sparkman v. McWhirter, CCA, W/E Ref., 263 S.W.2d 832.

■ When facts entitling the moving party to prevail have been established by affidavits, as in the instant case, the motion for summary judgment will not be denied

merely because the opposite party has alleged matters in its pleadings which, if proved, would require that different judgment be rendered. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948.

 Employers was the surety for Spillyards. Article 1987, Vernon's Ann.Tex. Civ.St. provides that a surety may be sued alone where, among other things, his principal is actually or notoriously insolvent. Title 11 U.S.C.A. § 34, provides that the liability of a surety for a bankrupt shall not be abated by the discharge of such bankrupt.

All of defendant Employers' points and contentions are overruled.

Affirmed.