**J. A. BAUMERT, Jr., Appellant,**

v.

**A. C. PORTER, Appellee.**

No. 7806.

Court of Civil Appeals of Texas,
Texarkana.

April 18, 1967.

Taylor Moore, Browne & Moore, Houston, for appellant.

Raymond C. Kerr, Whatley, Hodges & Kerr, Houston, for appellee.

FANNING, Justice.

Plaintiff-appellee sued and moved for summary judgment on a promissory note. Defendant-appellee filed a sworn answer and a sworn controverting affidavit, which, while admitting the execution of the note sued upon, alleged in defense that there was a contemporaneous collateral oral agreement that the plaintiff would allow as credits against the note the income from an insurance agency transferred by defendant to plaintiff, which income, the exact amount of which was not known at the time of the hearing, but was at least $6,000.00 according to defendant's controverting affidavit, had not been allowed as agreed. The trial court

granted plaintiff's motion for summary judgment for the full amount sued for and did not allow defendant any of the offsets pleaded by defendant as alleged in his sworn pleadings and controverting affidavit. Defendant has appealed.

Our review of the summary judgment must be within the guidelines summarized in Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., Tex. Sup.1965, 391 S.W.2d 41, in substance, as follows:

1. Summary judgment is authorized only when it is shown that there is no genuine issue of material fact and movant is entitled to judgment as a matter of law.

2. Burden of proof is on movant to establish the absence of any such issue.

3. Conflicts in evidence are disregarded, and the court must view the evidence in the light most favorable to the party opposing the motion, accepting as true all evidence which tends to support his position.

4. All doubts as to the existence of a genuine issue of material fact are to be resolved against the movant.

5. If the motion involves the credibility of affiants or defendants, or the weight of their statements, or a mere ground of inference, the motion should be denied.

Appellant presents two points on appeal contending (1) the pleadings upon which the motion for summary judgment was granted are insufficient to sustain such judgment because neither the affidavits nor the exhibits attached thereto comply with Rule 166–A(e), Texas Rules of Civil Procedure, which requires that they be made on personal knowledge and show affirmatively that the affiant is competent to testify to the matters stated therein; and (2) that the sworn pleadings and controverting affidavit of the defendant show there are material fact questions to be determined.

Defendant's controverting affidavit was properly sworn to and raised material issues of fact. Plaintiff did not file in response thereto a controverting affidavit as such. Plaintiff, however, filed his second amended original petition, which he attempted to either acknowledge or swear to, but which as hereinafter shown, if the same was sworn to, was defectively sworn to and the affidavit and exhibits attached were not in compliance with Rule 166–A(e). In his second amended original petition plaintiff alleged the execution of the note in question, and attached a photostatic copy of the note as Exhibit A and made a part of the petition. (Since defendant in his pleading admitted the execution of the note in question, we need not be concerned about Exhibit A.) In paragraph V of plaintiff's second amended original petition it was alleged as found below.[1]

1. "Plaintiff specially denies the allegations in Paragraph II of Defendant's First Amended Original Answer and especially the portion starting at the end of line 2 of said paragraph in which Defendant alleges that contemporaneous with the execution of the promissory note, marked Exhibit "A" and attached hereto, the Defendant assigned to the Plaintiff his undivided one-half interest in the agency known as State Agency to be used as collateral and that the income from said agency was to be applied to Defendant's promissory note, Plaintiff would show unto the Court that such allegation has no factual basis and Plaintiff submits as evidence thereof a photostatic copy, marked Exhibit "C", attached hereto, and made a part hereof for all

purposes, of an assignment of any interest the Defendant may have had in two insurance agencies, one known as State Agency and the other as Southwest Agency, which is dated the 1st day of January, 1965, a period in time prior to the date of the execution of the said promissory note; and Plaintiff would further show unto the Court, if further showing is necessary, that the release agreement attached hereto, marked Exhibit "B" and made a part hereof for all purposes, is a release of the Plaintiff by the Defendant and others, signed individually and in other capacities, was executed on the 30th day of September, 1965, and by its plain language releases and forever discharges the Plaintiff from 'any claims,

Plaintiff's second amended original petition was signed by plaintiff's attorney. The acknowledgment or attempted swearing thereto was made in the manner found below.[2]

In Nagelson v. Fair Park National Bank, Tex.Civ.App., 351 S.W.2d 925, wr. ref., n. r. e. (1961), it was stated in part as follows:

"In his brief appellant Nagelson presents one point on appeal. He asserts that the court erred in rendering summary judgment absolving the Bank from liability for the tort committed by persons repossessing an automobile upon which the Bank was the only lien holder, especially when appellant had answered the motion for summary judgment with controverting affidavits tending to prove that the tortfeasors were acting in the interest of the Bank, as its agents and raising genuine issues of fact material to such issue.

"Appellant filed only one controverting affidavit and it is fatally defective. It does not show, as provided by Rule 166–A (e) Texas Rules of Civil Procedure, that it is made on personal knowledge and does not affirmatively show that affiant is competent to testify to the matters stated therein. Lawyers Surety Corp. v. Sevier, Tex.Civ.App., 342 S.W.2d 604; Gaston v. Copeland, Tex.Civ.App., 335 S. W.2d 406; Duffard v. City of Corpus Christi, Tex.Civ.App., 332 S.W.2d 447; Page v. Pan American Pet. Corp., Tex.

Civ.App., 327 S.W.2d 469; Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396.

"The controverting instrument was signed by one of appellant's attorneys who merely swore that 'the facts contained in the foregoing pleadings are true and correct to the best of his knowledge and belief.' In 2 C.J.S. Affidavits § 26 page 981 it is recognized that affidavits on information and belief are sometimes sufficient. But the text further says, 'However, the averments must be direct and positive and not on information and belief if the statute which provides for the making of the affidavit expressly requires the facts to be positively stated * * *.' Texas decisions are in accord with the rule as above quoted. St. Paul Fire & Marine Ins. Co. v. Earnest, Tex.Civ.App., 293 S.W. 677 (Syls. 26 & 27); Scudder v. Burrus Mill & Elevator Co., Tex.Civ.App., 285 S.W. 681; Graves v. M. Griffin O'Neil & Sons, Tex.Civ.App., 189 S.W. 778; Abilene Ind. Tel. & Tel. Co. v. Southwestern Tel. & Tel. Co., Tex.Civ. App., 185 S.W. 356; Smith v. Banks, Tex. Civ.App., 152 S.W. 449; Moss v. Whitson, Tex.Civ.App., 130 S.W. 1034; Missouri K. & T. Ry. of Texas v. Pietzsch, 10 Tex.Civ.App. 572, 30 S.W. 1083; Spinks v. Matthews, 80 Tex. 373, 15 S.W. 1101; Graham v. McCarty, 69 Tex. 323, 7 S.W. 342; 2 Tex.Jur.2d 416. * * *

"Appellant in his supplemental brief asserts that appellee made no challenge at

---

duties, debts, responsibilities, liabilities, causes of action, in law or in equity' involving any transaction between the Plaintiff and the various individuals signing the release, one of whom was the Defendant."

2. "THE STATE OF TEXAS ⎫
COUNTY OF HARRIS ⎬

"BEFORE ME, the undersigned authority, on this day personally appeared RAYMOND C. Kerr, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he is the attorney of record for the Plaintiff, A. C. PORTER,

in the above entitled and numbered cause, that he has read the foregoing petition, and knows the contents thereof to be true and correct to the best of his knowledge and belief.

/s/ Raymond C. Kerr
RAYMOND C. KERR

"SUBSCRIBED AND SWORN TO BEFORE ME by the said Raymond C. Kerr this the 8th day of June, 1966, to certify which witness my hand and seal of office.

/s/ Bonnie Mayeur
NOTARY PUBLIC in and for Harris County, Texas

the hearing in the trial court to the sufficiency of his controverting affidavit, did not object to consideration of it by the trial court and made no objection to its inclusion in the transcript on appeal; therefore, this court may properly consider the controverting plea though it technically fails to conform to the rule. In support of this contention appellant cites us to Barron & Holtzoff, 'Federal Practice and Procedure', Ruled Ed. § 1237, p. 171; Jno. T. McCoy v. Schuster, D.C., 44 F.Supp. 499; and United States v. Newbury Mfg. Co. D.C., 1 F.R.D. 718. * * *

"As above stated, we do not agree with appellant's contention even if it were shown in the record that appellee made no objection at the hearing in the trial court to the sufficiency of appellant's controverting plea. The deficiencies in our opinion are not merely technical in nature. They go to the very substance of the matter so that the purported controverting affidavit cannot be considered as anything more than an unsworn pleading."

In Spillyards v. Ferris Brick Company, Tex.Civ.App., 390 S.W.2d 837, no writ (1965), it was stated in part as follows:

" * * * Employers filed opposition to plaintiff's motion, amended answer, and a plea in abatement, and *Employers' attorney verified the matter set forth 'to the very best of' his 'knowledge and belief,' 'is true and correct.'* Rule 166–A(e) requires that supporting or opposing affidavits shall be made on personal knowledge setting forth facts admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein.

"Employers' attorney's verification above does not constitute the matters so verified an affidavit as required by the rule, and is ineffectual to oppose plaintiff's motion for summary judgment. Youngstown Sheet & Tube Co. v. Penn, Sup.Ct., 363 S.W.2d 230; Nagelson v. Fair Park Nat. Bank, CCA (n. r. e.), 351

S.W.2d 925; Farmers State Bank v. First State Bank, CCA (n. w. h.), 317 S.W.2d 768; Sparkman v. McWhirter, CCA W/E Ref., 263 S.W.2d 832. * * *" Emphasis added.

In Boswell v. Handley, Tex.Sup.1966, 397 S.W.2d 213, it was stated in part as follows:

"The legal problem presented in this case arises because the petitioners did not attach to their pleadings, affidavits, or motions for summary judgment a certified or sworn copy of the last will and testament of Mrs. Carrie Slaughter Dean and of the order showing that said will had been duly probated. Petitioners did include in their unsworn pleadings a purported copy of a will, known to all parties as 'Exhibit A.' * * *

"Petitioners then filed their unverified motions for summary judgment relying upon sworn affidavits. Controverting affidavits were filed, but there was nothing attached to the affidavits of either party nor did the affidavits of the petitioners refer to 'Exhibit A.'

"Petitioners rely upon the case of Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.1962), as controlling in this situation. They contend that since there was no objection in the trial court concerning the absence of the sworn or certified copy of Mrs. Dean's will and the order probating it being attached or served with their affidavits, then an assignment of error to that effect comes too late when raised for the first time before the Court of Civil Appeals. See also Lotspeich v. Chance Vought Aircraft, 369 S.W.2d 705 (Tex.Civ.App.1963, error ref. n. r. e.), relying upon Youngstown, supra.

"We distinguish Youngstown Sheet & Tube Co. v. Penn for the following reasons. In that case the plaintiff sued the Texita Oil Company on a sworn account and for foreclosure of its materialmen's lien on the Mallard 'A' and Mallard 'B' leases in Atascoca County. Plaintiff by amended petition alleged that Texita was

a partnership composed of certain named individuals. Three of these individuals, the defendants, filed a verified answer denying that they were partners in Texita, and further denied that they had engaged in a partnership with Texita in the development and operation of the two leases. Defendants' motion for summary judgment was granted and the Court of Civil Appeals affirmed. Of the affidavits filed in support of their motion for summary judgment, one referred to a photostatic copy attached to the defendants' original answer and stated that such instrument was executed by the three defendants and Texita concerning the operation of the Mallard 'B' lease.

"We held that those affidavits were subject to exception in the trial court because, among other defects, sworn or certified copies of the operating agreements were not attached to or served with the Johnson affidavit. However, we went on to hold that:

'* * * objections of this kind may not be raised for the first time on appeal when it fairly appears from the record that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' 363 S.W.2d 230, 234.

"A different situation and result prevailed with respect to the Mallard 'A' lease. No attempted incorporation by reference of that operating agreement into the defendants' affidavits was made, nor was such attached to the motion for summary judgment or to any of the pleadings. It simply was not in the record. We therefore held on the basis of Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961), that the defendants had not discharged their burden of showing that they were entitled to judgment as a matter of law, regarding the Mallard 'A' lease.

"The distinction that we draw is that in Youngstown, supra, as to the Mallard 'B' lease, there was a reference to the copy of the operating agreement attached to defendants' answer. By sworn affidavit defendants stated that such was executed by the parties. A copy of the affidavit was served on the plaintiff, as was a copy of the defendants' original answer with the photostat of the operating agreement attached. We held that in those circumstances the copy constituted a sufficient basis upon which a motion for summary judgment could either be granted or denied, *in the absence of an exception by the opposing party*.

"In the case before us petitioners did not attempt in their sworn affidavits to adopt by reference the copy attached to their pleadings, known as 'Exhibit A.' A duplicate of petitioners' pleadings, including 'Exhibit A', had been served upon the respondents. The same was true in regard to petitioners' affidavits that they filed in support of their motions for summary judgment. However, in the affidavits of the petitioners, 'Exhibit A' was never sworn to be a true and correct copy of the duly probated will of Mrs. Carrie Slaughter Dean. As it now stands, petitioners' exhibit attached to their pleadings cannot come within the rule set out in the Youngstown case.

"Instead, we agree with the Court of Civil Appeals, which holds that this case is controlled by Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961). In that case we held that where the defendant failed to attach to his motion for summary judgment either sworn or certified copies of the record and judgment in an earlier suit that there was nothing in the record upon which the appellate court could rely to determine whether that motion had been properly granted. As a result we held that the judgment could not stand.

"The facts in this case before us are substantially the same. True enough, there was nothing in the Gardner record of the prior judgment, not even a purported copy of that judgment. *Here there is a copy which is not certified or verified*

*to be the duly probated will of Mrs. Carrie Slaughter Dean. Rule 166–A has not therefore been complied with and the motion for summary judgment should have been overruled by the trial court. Rule 166–A(e), Texas Rules of Civil Procedure."* \* \* \* Emphasis added.

"Petitioners point out that the respondents objected for the first time before the Court of Civil Appeals to the absence of a verified or certified copy of Mrs. Dean's will. Since this was a nonjury trial, no motion for new trial was required to be filed. Rule 324, T.R.C.P. However, petitioners argue that even though not required to do so, respondents did file a motion for new trial and are therefore limited to the errors assigned therein. This question has been decided to the contrary by this court in Neely v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101, 104 (1939). See McDonald, Texas Civil Practice, Vol. 4, p. 1427 § 18.04.

"There is no verified or certified copy of the will nor a sworn or certified copy of the order probating such before the court upon which to base petitioners' motion for summary judgment. Therefore, the judgment of the Court of Civil Appeals is affirmed."

 Plaintiff's Exhibits B and C have been carefully examined. They are not certified copies nor can they be considered to be properly sworn to copies as required by Rule 166–A(e). Furthermore plaintiff's attorney does not appear to be a party to any of said instruments and obviously said instruments are hearsay to him. In this connection, see the Youngstown Sheet and Tube case, supra, wherein it was stated, 363 S.W. 29 at p. 233:

"Hearsay may not be made the basis of a summary judgment, and the trial judge should not be required to speculate as to whether the affiant could establish the facts in his affidavit if he were testifying from the witness stand."

Furthermore, plaintiff's pleading in its paragraph V with respect to the force and effect of Exhibits B and C are obviously legal conclusions. Furthermore, said Exhibits B and C do not conclusively establish, as a matter of law, that appellant's sworn defense does not raise material issues of fact to be determined by a trier of the facts.

 Irrespective of whether defendant's failure to object or except to the defective affidavit to plaintiff's second amended original petition constituted a waiver to insist that Rule 166–A(e) was not complied with, we have reached the conclusion that under the whole record in this case there were material issues of fact raised which precluded the entry of the summary judgment.

The judgment of the trial court is reversed and the cause is remanded for a new trial.