**John M. RILEY, Appellant,**

v.

**The MIAMI BEACH FIRST NATIONAL BANK, Appellee.**

**No. 501.**

Court of Civil Appeals of Texas, Tyler.

Oct. 22, 1970.

Carter, Gallagher, Jones & Magee, Ben Warder, Jr., and Gerald W. Moss, Dallas, for appellant.

Akin, Gump, Strauss, Hauer & Feld, Richard G. Danner, Jr., Dallas, for appellee.

MOORE, Justice.

This is an appeal from a summary judgment rendered against appellant upon a promissory note. Appellee-Bank filed suit against appellant to recover the unpaid balance due on the note and for interest and attorneys' fees. The bank alleged in its first amended original petition that it was the present owner and holder of said note and that the sum of $6,363.10 was due, owing and unpaid. A copy of the note was attached thereto and marked as Exhibit "A". Attached to the petition was an affidavit sworn to by one of the attorneys for the bank. Omitting the formal parts of the affidavit, it recites, in part, as follows:

> "BEFORE ME, the undersigned authority, a Notary Public in and for said County, Texas, on this day personally appeared RICHARD G. DANNER, JR., who being by me first duly sworn, on oath states that he is the attorney for plaintiff, THE MIAMI BEACH FIRST NATIONAL BANK, in the above entitled and numbered cause; that the promissory note attached to plaintiff's first amended original petition as Exhibit 'A' executed by the defendant, John

M. Riley, on February 1, 1966, for the sum of $48,000.00, *to the best of affiant's knowledge and belief,* is true and correct; that said promissory note is due and unpaid and that all just and lawful offsets, payments and credits have been allowed." (Emphasis supplied.)

Appellant answered with a general denial. The bank filed a motion for summary judgment. In its unsworn motion the bank asserted that it was entitled to a summary judgment based upon the pleadings contained in its first amended original petition. In reply, appellant denied that the appellee was entitled to a summary judgment and asserted generally that there were fact issues to be determined. He also registered therein an objection and exception to the affidavit attached to appellee's first amended original petition asserting that the affidavit was defective and insufficient to constitute an affidavit since it was based only upon "knowledge and belief" rather than upon fact.

Appellant attacks the judgment on the ground that the judgment is not supported by the evidence because the affidavit attached to appellee's petition fails to comply with Rule 166–A(e), Texas Rules of Civil Procedure in that the affidavit is not based upon personal knowledge of the actual facts but only upon "the best of affiant's knowledge and belief". Consequently he takes the position that the attached copy of the note amounts to nothing more than an unsworn pleading and therefore fails to constitute proof that the bank was the present owner and holder of the note. We have concluded that the contention must be sustained.

Under our rules of civil procedure a general denial puts in issue all matters pleaded by the adverse party which are not required to be denied under oath. Rule 92, T.R.C.P. Thus appellant's general denial had the effect of placing the burden upon the bank of proving that it was the present owner and holder of the note. In the summary judgment practice, such proof may be made without the necessity of producing and introducing the original note. Under Rule 166–A(e) this may be done by attaching a sworn or certified copy of the note to a proper affidavit or by serving such a copy with the affidavit. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274. However, Rule 166–A(e) further requires that the supporting or opposing affidavits shall be made on personal knowledge setting forth facts admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters as stated therein. As we view it, the bank's affidavit attached to its first amended original petition fails to measure up to this rule in that affiant merely swore that the copy of the attached note was true and correct "to the best of affiant's knowledge and belief". Affidavits of this type are generally held to be insufficient to support a summary judgment. Nagelson v. Fair Park National Bank, 351 S.W.2d 925 (Tex.Civ.App., Dallas, 1961, n. r. e.); Spillyards et al. v. Ferris Brick Company, 390 S.W.2d 837 (Tex. Civ.App., Waco, 1965, no writ); Baumert v. Porter, 414 S.W.2d 527 (Tex.Civ.App., Texarkana, 1967); McDonald, Texas Civil Practice, Vol. 4, sec. 17.26.2.

In 2 C.J.S. Affidavits § 26, p. 981, it is recognized that affidavits on information and belief are sometimes sufficient. But the text further says, " * * * However, the averments must be direct and positive and not on information and belief if the statute which provides for the making of the affidavit expressly requires the facts to be positively stated * * *". Texas decisions are in accord with the Rule as above quoted. Nagelson v. Fair Park National Bank, supra.

We cannot agree with appellee's contention that appellant should be held to have waived his objection and exception to the affidavit because the record fails to show that his objection was presented to the trial court. The deficiencies in our opinion are not merely technical in nature. They go to the very substance of the matter so that the purported affidavit and note cannot be considered as anything more than unsworn

pleadings. Nagelson v. Fair Park National Bank, supra; Spillyards et al. v. Ferris Brick Company, supra; Baumert v. Porter, supra; McDonald, Texas Civil Practice, Vol. 4, sec. 17.26.2.

Under these circumstances appellee is in the position of a plaintiff urging a motion for summary judgment upon a note directed solely to the pleadings. In face of a general denial, a summary judgment upon a note, based on the pleading alone, is improper for the reasons set forth by the dissent in Southwestern Fire & Casualty Company v. Larue, 367 S.W.2d 162 (Tex. Sup.) recently adopted by the Supreme Court in M. R. Perkins, et al. v. Rex Crittenden.

As pointed out in Perkins et al., supra, there is good reason for requiring, as Rule 166–A(e) does, that either the original note or a sworn or certified copy be before the court on a summary judgment proceeding. Otherwise the original negotiable note could possibly be in the hands of an innocent purchaser and the maker would be subject to having to pay twice.

For the reasons stated the judgment must be reversed and the cause remanded.

Reversed and remanded.