H. J. GARDNER V. DOLLIE FAE STALLINGS MARTIN ET AL

No. A-7945. Decided April 5, 1961
Rehearing overruled April 26, 1961
(345 S. W. 2d Series 274)

*Kenneth R. King and John E. Heitler* of Tyler for petitioner.

*Goodwin & Tyler* of Tyler for respondents.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

Petitioner, as plaintiff in the trial court, sued respondents, defendants in the trial court, on a note secured by a deed of trust for debt and for foreclosure of the deed of trust on certain land described therein. Defendants filed an answer pleading that all matters and facts set up in plaintiff's petition had been fully determined and adjudicated adversely to plaintiff and in favor of defendants in a final, valid judgment theretofore rendered in a cause between the same parties upon the same claims in the same district court. Shortly thereafter the defendants filed their unverified motion for summary judgment setting out the same ground of res judicata alleged in their answer. The court set a time not less than ten days in the future for hearing the motion. Due notice was served on the plaintiff, and all parties and their attorneys appeared at the hearing. Plaintiff filed no controverting answer to the defendants' motion. At the conclusion of the hearing, the court granted defendants' motion for summary judgment.

Defendant's motion for summary judgment alleged:

"Defendants say that all the matters and facts set up in Plaintiff's Original Petition have been fully determined and adjudged adversely to plaintiff and in favor of defendants by a final, valid judgment rendered in Cause No. 58-68, entitled H. J. Gardner v. Dollie Fae Stallings Martin, et al, in the 114th Judicial District Court of Smith County, Texas, on the 27th day of June, 1958, which is shown by the pleadings, evidence and the judgment of the Court in said cause, which matters are all of record in said court, to which record reference is hereby made. The parties to said cause were the same persons who are parties to this suit and were adversary parties therein; the matters litigated in said cause were the same matters as are at issue in this suit; the matter and facts set up in plaintiff's petition herein were fully determined and adjudicated by the Judgment in said cause; and said judgment was rendered on the merits, is in no wise

158

reversed, satisfied, or made void by said record, to which reference is hereby made, and still remains in full force and effect."

And the judgment entered by the trial court recites, among other things, the following:

"* * * and upon the Court having heard and considered said motion, and argument of counsel, it is of the opinion and so finds, that said motion should be granted.

"It is, therefore, ordered, adjudged and decreed by the court that the Motion for Summary Judgment of the defendants, Dollie Fae Stallings Martin, et al, be and the same is hereby granted; and it is further ordered, adjudged and decreed by the Court that said plaintiff, H. J. Gardner, take nothing of and against said defendants, by his suit, and that said defendants go hence and recover their costs."

Plaintiff appealed to the Court of Civil Appeals on a record containing a transcript only, and that Court affirmed the judgment of the trial court. 336 S.W. 2d 263. There were no papers attached to the transcript in this Cause No. 58-68 in the same 114th District Court of Smith County, and being the same court in which this cause was tried, nor are such r e c o r d s brought up in any manner. Plaintiff contends that defendants, on their motion for summary judgment, had the burden of showing that the parties, cause of action, and the thing sued for in Cause No. 58-68, pleaded as res judicata were the same as those in the instant cause. Plaintiff further contends that the record before the appellate court shows no depositions, no admissions, no affidavit, nor evidence before the trial court showing such identity; nor are the necessary papers in Cause No. 58-68 attached to the motion. Therefore, he contends, defendants have not complied with Rule 166A so as to entitle defendants to a summary judgment.

■ It is well recognized that a trial court may take judicial notice of its own records in a cause involving the same subject matter between the same, or practically the same, parties. Victory v. State, 138 Tex. 285, 158 S.W. 2d 760, 763; Cochran County v. Boyd, Tex. Civ. App., 1930, 26 S.W. 2d 364, wr. ref.; Pridgen v. Denson, Tex. Civ. App., 1957, 298 S.W. ed 276, wr. re., n.r.e.; McDonald, Texas Civil Practice, Vol. 4, p. 1394, § 17.26; McCormick & Ray, Texas Law of Evidence, 2d Ed.,

Vol. 1, p. 170, § 151; Id., p. 206, § 186; 31 C.J.S. 620, § 50b; 20 Am. Jur. 104, § 86; 17 Tex. Jur. 201, § 27.

■ Summary judgment is possible in this state only by virtue of the provision of Rule 166A. To entitle a party to a summary judgment, the provisions of this rule must be strictly complied with. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929, (1952); Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W. 2d 233, (1957). "The burden of demonstrating the lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against him," McDonald, Texas Civil Practice, Vol. 4, p. 1392, § 17.26 (VI).

■ Subsection (e) of Rule 166A speaking of forms of affidavits says, "* * * sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto and served therewith * * *." Defendants' motion for summary judgment referred to Cause No. 58-68, and states "* * * which matters are all of record in said court, to which record reference is hereby made." Plaintiff further says that defendants' motion was not sworn to, nor was it accompanied by an affidavit. Rule 166A (a) and (b) specifically provide that in proper cases motions for summary judgments may be made "with or without supporting affidavits." Since our decision in Willoughby v. Jones, 151 Tex. 435, 251 S.W. 2d 508, it has been settled that a summary judgment is not necessarily out of order where the corresponding motion is unverified and unsupported by affidavits, citing Rule 166A, Texas Rules of Civil Procedure and 4 McDonald, Texas Civil Practice, pp. 1386 et seq., §17.26. We hold, however, that a compliance with Rule 166A (e) required that the certified copies of the documents referred to should be attached to the motion.

There were no papers, records, or other documents from said Cause No. 58-68 attached to the motion by either sworn or certified copies. Since the matters referred to were court records, certified copies should have been attached to the motion; therefore, defendants had not complied with the provisions of Rule 166A and were not entitled to a summary judgment.

The judgments of both courts below are reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

ASSOCIATE JUSTICE WALKER concurs in the result.

ASSOCIATE JUSTICE STEAKLEY not sitting.