Ivery TERRY, Appellant,

v.

SOUTHEAST PACKING CO., Inc., Appellee.

No. 15071.

Court of Civil Appeals of Texas.

Houston.

June 8, 1967.

W. Jiles Roberts, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Dixie Smith, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment. The principal issue is whether one receiving compensation under the Longshoremen's and Harbor Workers' Compensation Act is precluded from recovering damages from his employer for injuries received while performing the duties of a seaman aboard a vessel caused by an unseaworthy condition of the vessel, which was owned by the employer.

Certain depositions were considered by the trial court and they have been brought to this Court as an agreed statement of facts. Since this is a summary judgment, the burden rested on the movant to negative the existence of any genuine issue of material fact, and all doubts are resolved against movant. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274, 1961.

Appellant had been employed for several years by the appellee as general maintenance man to work in appellee's place of business located at Pier 22 in the City of Galveston, Texas. From time to time appellant was required to do minor maintenance on shrimp boats owned by the appellee, and on other shrimp boats doing business with appellee.

Appellant received an injury during the course of his employment while working aboard a shrimp trawler owned by appellee and located in navigable waters in the Galveston harbor. Appellant has alleged, and offered testimony, that at the time he was injured he was performing the work of a seaman.

Appellant submitted a claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act and was awarded compensation. This is an action in personam by an employee against his employer for damages based both on negligence and on the unseaworthy condition of the vessel owned by the employer. There is evidence raising issues of fact in support of the cause of action based on

the alleged unseaworthy condition of the vessel.

Section 905 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A., states as follows:

"The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

While this Act apparently bars an employee entitled to compensation under its provision from suing his employer directly in personam or in rem for damages resulting from injuries received in the course of his employment, the Supreme Court of the United States has held to the contrary where the cause of action is based on the unseaworthiness of a vessel owned by the employer. Reed v. S. S. Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963); Jackson v. Lykes Bros. Steamship Co., Inc., 386 U.S. 731, 87 S.Ct. 1419, 18 L.Ed.2d 488, opinion (May 8, 1967).

Appellee would distinguish these cases by pointing out that the injured party in each of these cases was a longshoreman, while appellant is a maintenance man. This distinction is not valid.

In a footnote to the majority opinion in Jackson v. Lykes Bros. Steamship Co., supra, by Mr. Justice Black, he pointed out that other kinds of maritime employees, besides stevedores, who performed jobs formerly done by seamen, were entitled to the protection of the doctrine of seaworthiness. He specifically referred to longshoremen, carpenters, electricians, ship cleaners, repairmen, and riggers, citing appropriate cases, which need not be repeated here.

The trial court erred in granting the motion for summary judgment. This case is reversed and the cause is remanded.