NO. 07-10-00481-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 9, 2011

_____

IN THE INTEREST OF A.P., A.P., A.N.P., AND A.M.P.,
CHILDREN

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 35,607; HONORABLE PHIL VANDERPOOL, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellee, the Texas Department of Family and Protective Services, filed a petition seeking termination of the parental rights of the biological parents of A.N.P. and A.M.P.[1] After a three-day trial, a jury rendered a verdict of termination and the trial court signed an order terminating the parental rights of the father and mother to A.N.P. and A.M.P. Appointed counsel for the father and mother timely filed a statement of appellate points and notice of appeal.

_____

[1] We identify the children by their initials and the parents as the father and mother, pursuant to Rule of Appellate Procedure 9.8. Tex. R. App. P. 9.8.

The trial court conducted a hearing according to Family Code § 263.405(d) to determine if the appeal is frivolous. Tex. Fam. Code Ann. § 263.405(d)(1)-(3) (West 2008). In the resulting order, it found, based on the appellate points of the father and mother and the provisions of § 263.405 and Civil Practice & Remedies Code § 13.003(b), an appeal would be frivolous. Tex. Fam. Code Ann. § 263.405(d)(3) (West 2008); Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (West 2002). Notwithstanding this order, the father and mother may appeal, but the scope of review is initially limited to the trial court's finding of frivolousness. Tex. Fam. Code. Ann. § 263.405(g) (West 2008); *Lumpkin v. Dep't of Family & Protective Servs.,* 260 S.W.3d 524, 526 (Tex.App.--Houston [1st Dist.] 2008, no pet.); *In re K.D.,* 202 S.W.3d 860, 865 (Tex.App.--Fort Worth 2006, no pet.). Appointed appellate counsel for the father and mother has filed a motion to withdraw from the representation on the conclusion the appeal is frivolous. He supports the motion with an *Anders* brief.[2] By letter, we offered the father and mother an opportunity to submit a response to their counsel's *Anders* brief. Neither has submitted a response.

We review the trial court's finding of frivolousness under the abuse of discretion standard. *In re K.D.,* 202 S.W.3d at 866. Applying that standard, we decide whether the trial court acted without reference to any guiding rules or principles; that is, whether

---

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Like other Texas courts, we have applied the procedures of *Anders* in appeals involving termination of parental rights. *In re A.W.T.,* 61 S.W.3d 87, 88-89 (Tex.App.--Amarillo 2001, no pet.); *see In re D.D.,* 279 S.W.3d 849, 849-50 (Tex.App.--Dallas 2009, pet. denied) (listing cases).

its decision was arbitrary or unreasonable. *Lumpkin,* 260 S.W.3d at 527 (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985)).

Section 263.405(d)(3) of the Family Code requires the trial court to determine whether an appeal from a final termination order is frivolous "as provided by section 13.003(b), Civil Practice and Remedies Code." Tex. Fam. Code Ann. § 263.405(d)(3) (West 2008). Section 13.003(b) provides that, "[i]n determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review." Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (West 2002). An appeal is frivolous if it lacks an arguable basis either in law or in fact. *Lumpkin,* 260 S.W.3d at 527.

By comparison, an *Anders* brief provides assurance to the appellate court that counsel has thoroughly and conscientiously examined the record and the applicable law, and has provided the court with the appropriate facts, procedural history, and "any potentially plausible points of error." *In re Schulman,* 252 S.W.3d 403, 407 (Tex.Crim.App. 2008) (orig. proceeding). The brief must also express and explain counsel's conclusion of "no plausible basis for appeal." *Id.*

Here, in his *Anders* brief, counsel does not expressly address the trial court's finding of frivolousness.[3] Rather, the brief describes counsel's thorough review of the

---

[3] But counsel and the trial court reached the same conclusion of frivolousness based on consideration of the entire record. The same judge that tried the case presided over the § 263.405(d) hearing. Although the hearing was brief, "[a] trial judge judicially knows what has previously taken place in the case on trial." *Vahlsing, Inc. v. Missouri Pac. R.R. Co.,* 563 S.W.2d 669, 674 (Tex.App.--Corpus Christi 1978, no writ) (citing *Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274, 276 (1961)); *see In re J.J.C.,*

entire reporter's record of the final hearing and his detailed analysis supporting his conclusion that the appeal is frivolous. An appeal of a final termination order is limited to the issues presented in the statement of points. *See* Tex. Fam. Code Ann. § 263.405(i) (West 2008); *Lumpkin,* 260 S.W.3d at 527. *But cf. In re J.O.A.,* 283 S.W.3d 336, 339 (Tex. 2009) (holding § 263.405(i) does not prevent appellate consideration of certain constitutional complaints not included in a statement of points). As other courts have noted, it logically follows that a trial court's determination of frivolousness necessarily means the court has found each issue raised in the statement of points is frivolous. *See, e.g.*, *Lumpkin,* 260 S.W.3d at 527 (so stating). We therefore find implicit in counsel's determination that the appeal is frivolous the conclusion that the trial court did not abuse its discretion by finding the appeal frivolous. *Cf. In re J.J.C.,* 302 S.W.3d 436, 442-43 (Tex.App.--Houston [14th Dist.] 2009, pet denied) (construing parent's briefing to include challenge to finding of frivolousness even though parent did not specifically assign error to the finding).

Although the trial court found the father and mother indigent and the appeal frivolous, the reporter's record of the final termination hearing, in addition to that of the § 263.405(d) hearing, is before us. *See In re Q.W.J.,* 331 S.W.3d 9, 12 (Tex.App.--Amarillo 2010, no pet.) (per curiam) (noting consequence of frivolous finding is aggrieved parent is not entitled to free record of underlying proceeding). Because one of appellants' points challenges the legal and factual sufficiency of the evidence

---

302 S.W.3d 436, 446 (Tex.App.--Houston [14th Dist.] 2009, pet. denied) (following *Vahlsing*).

supporting termination, we have examined the entire reporter's record in determining whether the trial court abused its discretion by finding the appeal frivolous.

Based on our examination of the entire record, we conclude the trial court did not abuse its discretion in finding the appeal frivolous. We therefore grant counsel's motion to withdraw.[4] The judgment of the trial court is affirmed.

James T. Campbell
Justice

---

[4] Counsel remains obligated to inform the father and mother of the disposition of this appeal and that they may, on their own, pursue a petition for review in the Supreme Court of Texas. *In the Interest of K.D.,* 127 S.W.3d 66, 68 n.3 (Tex.App.--Houston [1st Dist.] 2003, no pet.) (citing *Ex parte Wilson,* 956 S.W.2d 25, 27 (Tex.Crim.App. 1997)).