NO. 07-10-00481-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
9, 2011

 



 

IN THE INTEREST OF A.P., A.P., A.N.P., AND A.M.P., CHILDREN



 



 

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

 

NO. 35,607; HONORABLE PHIL VANDERPOOL, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellee, the Texas Department of
Family and Protective Services, filed a petition seeking termination of the
parental rights of the biological parents of A.N.P. and A.M.P.[1]  After a three-day trial, a jury rendered a
verdict of termination and the trial court signed an order terminating the
parental rights of the father and mother to A.N.P. and A.M.P.  Appointed counsel for the father and mother
timely filed a statement of appellate points and notice of appeal.

The trial court conducted a hearing
according to Family Code § 263.405(d) to determine if the appeal is
frivolous.  Tex. Fam. Code Ann. §
263.405(d)(1)-(3) (West 2008).  In the resulting
order, it found, based on the appellate points of the father and mother and the
provisions of § 263.405 and Civil Practice & Remedies Code § 13.003(b), an
appeal would be frivolous.  Tex. Fam.
Code Ann. § 263.405(d)(3) (West 2008); Tex. Civ. Prac. & Rem. Code Ann. §
13.003(b) (West 2002).  Notwithstanding
this order, the father and mother may appeal, but the scope of review is
initially limited to the trial court’s finding of frivolousness.  Tex. Fam. Code. Ann. § 263.405(g) (West
2008); Lumpkin v. Dep’t of Family &
Protective Servs., 260 S.W.3d 524, 526 (Tex.App.--Houston [1st Dist.] 2008,
no pet.); In re K.D., 202 S.W.3d 860,
865 (Tex.App.--Fort Worth 2006, no pet.). 
Appointed appellate counsel for the father and mother has filed a motion
to withdraw from the representation on the conclusion the appeal is
frivolous.  He supports the motion with
an Anders brief.[2]  By letter, we offered the father and mother
an opportunity to submit a response to their counsel’s Anders brief.  Neither has
submitted a response.

We review the trial court’s finding
of frivolousness under the abuse of discretion standard.  In re
K.D., 202 S.W.3d at 866.  Applying
that standard, we decide whether the trial court acted without reference to any
guiding rules or principles; that is, whether its decision was arbitrary or
unreasonable.  Lumpkin, 260 S.W.3d at 527 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985)).

Section 263.405(d)(3) of the Family
Code requires the trial court to determine whether an appeal from a final
termination order is frivolous “as provided by section 13.003(b), Civil
Practice and Remedies Code.”  Tex. Fam.
Code Ann. § 263.405(d)(3) (West 2008). 
Section 13.003(b) provides that, “[i]n determining whether an appeal is
frivolous, a judge may consider whether the appellant has presented a
substantial question for appellate review.” 
Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (West 2002).  An appeal is frivolous if it lacks an
arguable basis either in law or in fact. 
Lumpkin, 260 S.W.3d at 527.

By comparison, an Anders brief provides assurance to the
appellate court that counsel has thoroughly and conscientiously examined the
record and the applicable law, and has provided the court with the appropriate
facts, procedural history, and "any potentially plausible points of
error.”  In re Schulman, 252 S.W.3d 403, 407 (Tex.Crim.App. 2008) (orig.
proceeding).  The brief must also express
and explain counsel’s conclusion of “no plausible basis for appeal.”  Id.

Here, in his Anders brief, counsel does not expressly address the trial court’s
finding of frivolousness.[3]  Rather, the brief describes counsel’s
thorough review of the entire reporter’s record of the final hearing and his
detailed analysis supporting his conclusion that the appeal is frivolous.  An appeal of a final termination order is
limited to the issues presented in the statement of points.  See
Tex. Fam. Code Ann. § 263.405(i) (West 2008); Lumpkin, 260 S.W.3d at 527.  But cf. In re J.O.A., 283 S.W.3d 336,
339 (Tex. 2009) (holding § 263.405(i) does not prevent appellate consideration
of certain constitutional complaints not included in a statement of
points).  As other courts have noted, it
logically follows that a trial court’s determination of frivolousness
necessarily means the court has found each issue raised in the statement of
points is frivolous.  See, e.g., Lumpkin, 260 S.W.3d at 527 (so stating).  We therefore find implicit in counsel’s
determination that the appeal is frivolous the conclusion that the trial court
did not abuse its discretion by finding the appeal frivolous.  Cf. In
re J.J.C., 302 S.W.3d 436, 442-43 (Tex.App.--Houston [14th Dist.] 2009, pet
denied) (construing parent’s briefing to include challenge to finding of
frivolousness even though parent did not specifically assign error to the
finding).    

Although the trial court found the
father and mother indigent and the appeal frivolous, the reporter’s record of
the final termination hearing, in addition to that of the § 263.405(d) hearing,
is before us.  See In re Q.W.J., 331 S.W.3d 9, 12 (Tex.App.--Amarillo 2010, no
pet.) (per curiam) (noting consequence of frivolous finding is aggrieved parent
is not entitled to free record of underlying proceeding).  Because one of appellants’ points challenges
the legal and factual sufficiency of the evidence supporting termination, we
have examined the entire reporter’s record in determining whether the trial
court abused its discretion by finding the appeal frivolous.  

Based on our examination of the
entire record, we conclude the trial court did not abuse its discretion in
finding the appeal frivolous.  We
therefore grant counsel’s motion to withdraw.[4]    The judgment of the trial court is
affirmed. 

 

 

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 











[1] We identify the children by their initials and the
parents as the father and mother, pursuant to Rule of Appellate Procedure 9.8.  Tex. R. App. P. 9.8.

 





[2] Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Like other Texas courts, we have applied the
procedures of Anders in appeals
involving termination of parental rights. 
In re A.W.T., 61 S.W.3d 87,
88-89 (Tex.App.--Amarillo 2001, no pet.); see
In re D.D., 279 S.W.3d 849, 849-50
(Tex.App.--Dallas 2009, pet. denied) (listing cases).





[3] But counsel and the trial court
reached the same conclusion of frivolousness based on consideration of the
entire record.  The same judge that tried
the case presided over the § 263.405(d) hearing.  Although the hearing was brief, “[a] trial
judge judicially knows what has previously taken place in the case on
trial.”  Vahlsing, Inc. v. Missouri Pac. R.R. Co., 563 S.W.2d 669, 674
(Tex.App.--Corpus Christi 1978, no writ) (citing Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274, 276 (1961)); see In re J.J.C., 302 S.W.3d 436, 446
(Tex.App.--Houston [14th Dist.] 2009, pet. denied) (following Vahlsing).  





[4] Counsel remains obligated to inform
the father and mother of the disposition of this appeal and that they may, on
their own, pursue a petition for review in the Supreme Court of Texas.  In the
Interest of K.D., 127 S.W.3d 66, 68 n.3 (Tex.App.--Houston [1st Dist.]
2003, no pet.) (citing Ex parte Wilson,
956 S.W.2d 25, 27 (Tex.Crim.App. 1997)).