**Affirmed and Opinion Filed December 20, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00101-CV

## THE CARDIO GROUP, LLC, CARDIOLOGY INSTITUTE OF AMERICA LLC, AND CARDIOCLOUD, LLC, Appellants
### V.
## JACOB B. KRING AND HEDRICK KRING, PLLC, Appellees

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-14540**

## MEMORANDUM OPINION
Before Justices Nowell, Smith, and Rosenberg[1]
Opinion by Justice Rosenberg

The trial court granted appellees' motion to dismiss under the Texas Citizens Participation Act (TCPA) and awarded attorney's fees and sanctions against appellants. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.003, 27.009. In two issues, appellants challenge the trial court's awards and contend that TCPA § 27.009 violates their due process rights. Concluding that the trial court did not abuse its

---

[1] The Hon. Barbara Rosenberg, Justice, Assigned. This case was submitted with oral argument. At the time of submission, Justice Leslie Osborne was a member of the panel. Justice Rosenberg succeeded Justice Osborne as a member of the panel after Justice Osborne's resignation from the Court. *See* TEX. R. APP. P. 41.1.

discretion in making the awards and that appellants did not preserve their due process challenge for appellate review, we affirm the trial court's order.

## BACKGROUND

The facts are well-known to the parties,[2] and we do not recite them here except as necessary to explain our decision and the reasons for it. *See* TEX. R. APP. P. 47.4.

This lawsuit is a new chapter in a longstanding dispute between appellants, their principal Melissa Larsen, and AC Square, Inc., a company represented by appellees Jacob B. Kring and Hedrick Kring, PLLC (Lawyers). In a related lawsuit filed in 2018, AC Square obtained a judgment against Larsen for amounts due on several promissory notes (the Underlying Lawsuit). The notes were secured by certain "Maxpulse cardiovascular devices." Shortly after AC Square filed the Underlying Lawsuit, Larsen submitted a "Confession of Judgment" for $4,125,000.00, the full amount due under the promissory notes. The Lawyers initially filed a motion on AC Square's behalf for entry of judgment based on the confession, but later withdrew the motion. The litigation continued, culminating in

---

[2] Nor is this dispute new to this Court, which has denied five related petitions for writs of mandamus and one petition for writ of habeas corpus filed by appellants' principal Melissa Larsen. *See In re Larsen*, No. 05-22-00030-CV, 2022 WL 2737766, at *1 (Tex. App.—Dallas July 14, 2022, orig. proceeding) (mem. op.) (mandamus denied); *In re Cardio Grp., LLC*, No. 05-18-00777-CV, 2018 WL 6629566, at *1 (Tex. App.—Dallas Dec. 19, 2018, orig. proceeding) (mem. op.) (mandamus denied); *In re Larsen*, No. 05-18-00812-CV, 2018 WL 6629536, at *1 (Tex. App.—Dallas Dec. 19, 2018, orig. proceeding) (mem. op.) (mandamus denied); *In re Larsen*, No. 05-18-00775-CV, 2018 WL 3359078, at *1 (Tex. App.—Dallas July 10, 2018, orig. proceeding) (mem. op.) (mandamus denied); *In re Larsen*, No. 05-18-00779-CV, 2018 WL 3359081, at *1 (Tex. App.—Dallas July 10, 2018, orig. proceeding) (mem. op.) (writ of habeas corpus denied); *see also In re Larsen*, No. 05-22-01062-CV, 2022 WL 16706970, at *1 (Tex. App.—Dallas Nov. 4, 2022, orig. proceeding) (mem. op.) (mandamus denied).

part in a partial summary judgment order awarding AC Square $4,891,043.88 on March 23, 2021. This order became a final judgment when AC Square's remaining claims were severed into a separate action on March 29, 2021.

On September 30, 2021, appellants The Cardio Group, LLC, Cardiology Institute of America LLC, and Cardiocloud, LLC (Cardio entities) filed this case for tortious interference with contract against the Lawyers. The Cardio entities pleaded that in the Underlying Lawsuit, the Lawyers "sent multiple letters to [the Cardio entities'] customers falsely stating that AC Square, Inc. had perfected liens against the equipment, and demanding payment of the loan balance or return of the equipment." Attached to the petition were copies of several letters on the Lawyers' letterhead. Each letter included the caption of the Underlying Lawsuit and attached a copy of Larsen's confession of judgment.

The Lawyers filed a motion to dismiss pursuant to the TCPA, alleging that the Cardio entities' claims were based on the Lawyers' exercise of their right to petition. *See* TCPA §§ 27.001(4) (defining "exercise of the right to petition"); 27.003(a) (motion to dismiss). The Cardio entities did not respond to the motion.

Several weeks later, the Lawyers also filed a motion to dismiss pursuant to civil procedure rule 91a, contending that the Cardio entities' claims were barred under the attorney immunity doctrine and by the statute of limitations. Shortly after the Lawyers filed their 91a motion, the Cardio entities filed a notice of nonsuit without prejudice that the trial court granted on December 28, 2021.

The trial court then heard the Lawyers' TCPA motion and considered evidence on attorney's fees and sanctions. The Lawyers provided a sworn declaration and itemized fee statements in support of their request for attorney's fees. The declaration, made by appellee Kring, also included testimony regarding the amount of sanctions the Lawyers requested. Kring explained his conclusion that $50,000.00 was appropriate and necessary to discourage appellants from bringing similar suits in the future in violation of the TCPA. The Cardio entities filed an objection and response to the request for attorney's fees and sanctions.

The trial court signed its order granting the Lawyers' TCPA motion on January 24, 2022. In the order, the trial court dismissed the Cardio entities' claims with prejudice, awarded attorney's fees of $12,676.50 in the trial court and additional amounts for appeal, and assessed sanctions in the amount of $50,000.00. This appeal followed.

## ISSUES AND STANDARDS OF REVIEW

In their first issue, the Cardio entities contend the trial court erred by (1) granting the Lawyers' TCPA motion to dismiss, (2) awarding the Lawyers "an unreasonable amount of attorney's fees" and (3) awarding the Lawyers $50,000.00 "in discretionary sanctions." In their second issue, the Cardio entities contend that TCPA § 27.009 violates their due process rights "by not allowing parties to voluntarily nonsuit their claims without being subject to mandatory attorney's fees and discretionary sanctions."

The TCPA permits a defendant to move for dismissal of a legal action that is "based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association." TCPA § 27.003(a). In deciding whether a legal action should be dismissed under the TCPA, the trial court "shall consider the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a); *Goldberg v. EMR (USA Holdings) Inc.*, 594 S.W.3d 818, 824 (Tex. App.—Dallas 2020, pet. denied).

The Cardio entities assert that the nonsuit with the trial court's confirmation should dispose of the case. Generally, a plaintiff may dismiss a case or take a nonsuit at any time before it introduces all of its evidence, excluding rebuttal evidence. TEX. R. CIV. P. 162. Such a dismissal, however, "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief . . . ." *Id.* This Court recognizes that a defendant's TCPA motion to dismiss is a claim for affirmative relief. *Duchouquette v. Prestigious Pets, LLC,* No. 05-16-01163-CV, 2017 WL 5109341, at *3 (Tex. App.—Dallas Nov. 6, 2017, no pet.) (mem. op.). Therefore, the trial court's consideration of the motion was proper.

We review the trial court's application of the TCPA de novo. *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019); *Goldberg*, 594 S.W.3d at 827 (citing *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018)). In conducting that review, we consider, in the light most favorable to the nonmovant,

the pleadings and any supporting and opposing affidavits stating the facts on which the claim or defense is based. *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied).

We review attorney's fees awards under the TCPA for abuse of discretion. *See Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). The TCPA requires an award of "reasonable" attorney's fees to the successful movant, defined by the supreme court as "not excessive or extreme, but rather moderate or fair." *Id.* (internal quotation omitted); TCPA § 27.009(a)(1) (trial court "shall award" court costs and reasonable attorney's fees to moving party).

We also review sanctions awards in TCPA cases for abuse of discretion. *ADB Interest, LLC v. Wallace*, 606 S.W.3d 413, 443 (Tex. App.—Houston [1st Dist.] 2020, pet. denied) (citing *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam)). A trial court abuses its discretion if the sanctions awarded are greater than necessary to promote compliance. *Id.* A trial court does not abuse its discretion, however, when its sanctions award is based on conflicting evidence and some evidence of substantive and probative character supports its decision. *Id.*

### DISCUSSION

#### 1. Motion to dismiss

The Cardio entities first contend the trial court erred by granting the Lawyers' TCPA motion to dismiss, arguing that "[t]his case has nothing to do with

Defendants' First Amendment rights"[3] and complaining of the TCPA's "poor drafting and overbroad definitions." We construe this argument as a complaint that the Lawyers did not meet their initial burden to demonstrate that the TCPA applies to the Cardio entities' suit. *See* TCPA § 27.005(b) (court shall dismiss legal action against moving party if moving party demonstrates the legal action is based on or is in response to the party's exercise of certain rights). This initial burden is the first step in the TCPA's three-step process that we have explained in detail in prior decisions. *See, e.g., Brenner v. Centurion Logistics LLC*, No. 05-20-00308-CV, 2020 WL 7332847, at *4 (Tex. App.—Dallas Dec. 14, 2020, pet. denied) (mem. op.).[4]

### A. The Cardio entities' allegations

The Cardio entities contend they "filed a meritorious lawsuit for tortious interference with existing contracts" against the Lawyers. In their original petition, the Cardio entities pleaded that "[t]he fact[s] of this case begin on May 1, 2018, when AC Square, Inc., represented by [the Lawyers], filed an Original Petition and

---

[3] We note that the supreme court has explained, "It does not follow from the fact that the TCPA professes to safeguard the exercise of certain First Amendment rights that it should *only* apply to constitutionally guaranteed activities." *Youngkin*, 546 S.W.3d at 681.

[4] In *Brenner*, we explained that in step one, the movant must demonstrate that the legal action is based on or is in response to the movant's exercise of a statutorily defined right or other statutorily defined conduct. *Brenner*, 2020 WL 7332847, at *4 (citing TCPA § 27.005(b)). In step two, if the movant has carried its step one burden, the burden shifts to the claimant to establish by clear and specific evidence each essential element of the claim in question. *Id.* (citing TCPA § 27.005(c)). If the claimant does not carry its burden, the trial court dismisses the claim. *Id.* Even if the claimant carries its step two burden, the trial court must dismiss the legal action at step three if the movant establishes an affirmative defense as a matter of law. *Id.* at *5 (citing TCPA § 27.005(d)).

–7–

Application for Temporary Restraining Order against Plaintiffs, which was assigned to the 101st Judicial District Court in Cause Number DC-18-05693." The Cardio entities explained that in this "underlying matter," Larsen signed a confession of judgment. The Lawyers, on AC Square's behalf, initially filed a motion for entry of judgment based on the confession, but then withdrew the motion before any judgment had been entered.

The Cardio entities pleaded that despite the withdrawal "and with full knowledge that there was no judgment entered in the case," the Lawyers "sent multiple letters to Plaintiff's customers falsely stating that AC Square, Inc. had perfected liens against the equipment, and demanding payment of the loan balance or return of the equipment," attaching a copy of the confession of judgment to the letter.

### B. The Lawyers' TCPA motion

In their TCPA motion to dismiss, the Lawyers contended that the Cardio entities' lawsuit was premised on an "exercise of the right to petition," defined in part as "a communication in or pertaining to: (i) a judicial proceeding." TCPA § 27.001(4)(A)(i). A "communication" "includes the making or submitting of a statement or document in any form or medium." *Id.* § 27.001(1). "The ordinary meaning of the phrase 'pertaining to' is 'relating directly to or concerning or having to do with.'" *Brenner*, 2020 WL 7332847, at *5 (quoting *Jetall Cos., Inc. v. Johanson*, No. 01-19-00305-CV, 2020 WL 6435778, at *3 (Tex. App.—Houston

–8–

[1st Dist.] Nov. 3, 2020, no pet.) (mem. op.)). And a "judicial proceeding" is "any proceeding initiated to procure an order or decree, whether in law or equity." *Id.* (quoting *Levatino v. Apple Tree Café Touring, Inc.*, 486 S.W.3d 724, 729 (Tex. App.—Dallas 2016, pet. denied) (internal quotation omitted)).

To meet their step one burden, the Lawyers were required to demonstrate that the Cardio entities' legal action was in response to the Lawyers' exercise of their right to petition on their client's behalf. *See* TCPA §§ 27.003(a), 27.005(b)(1)(B). The Underlying Lawsuit was a TCPA "judicial proceeding." *See Brenner*, 2020 WL 7332847, at *5. The Lawyers' letters attached to the Cardio entities' petition cited to AC Square's pending lawsuit against Larsen with a subject line containing the caption, cause number, and court. The letters stated that Larsen was in default, AC Square had a perfected lien, and AC Square had "declared its right" to take possession of the collateral. The letters warned that any "transfer, disposition, or concealment of AC Square's collateral may constitute conversion, a tort." Attached to the letters was a copy of Larsen's "Sworn Confession of Judgment" containing the caption of the case and Larsen's notarized signature.

The Cardio entities pleaded that the Lawyers "willfully and intentionally interfered with [their customers'] contracts . . . by knowingly sending false correspondence regarding alleged perfected liens against the medical equipment in Plaintiffs' customers' possession, and demanding payment of the loan balance or return of the equipment without a legal right to the same." These letters were

–9–

communications relating directly to or concerning the Underlying Lawsuit. *See Brenner*, 2020 WL 7332847, at \*5. We conclude the Lawyers met their step one burden to demonstrate that the Cardio entities' lawsuit was based on or in response to the Lawyers' exercise of the right to petition. *See* TCPA §§ 27.003(a), 27.005(b)(1)(B).

Because the Lawyers satisfied step one, the burden then shifted to the Cardio entities to establish by clear and specific evidence a prima facie case for each essential element of their claim for tortious interference. *See* TCPA § 27.005(c); *Brenner*, 2020 WL 7332847, at \*8. But the Cardio entities did not file a response to the Lawyers' motion or offer any evidence in support of their claim. Further, even if we assume the Cardio entities met their step two burden, they conceded that their claim was barred by the applicable statute of limitations, as the Lawyers argued in their motion to dismiss. *See* TCPA § 27.005(d) (court shall dismiss legal action "if the moving party establishes an affirmative defense . . . on which the moving party is entitled to judgment as a matter of law"). We conclude the trial court did not err by granting the Lawyers' motion to dismiss. We decide this portion of the Cardio entities' first issue against them.

### 2. Award of attorney's fees and sanctions

#### A. Attorney's fees

The Cardio entities argue the trial court abused its discretion by awarding the Lawyers $12,676.50 in attorney's fees because the amount awarded is not supported

–10–

by legally and factually sufficient evidence. The TCPA provides that if a court grants a motion to dismiss, the court "shall award to the moving party court costs and reasonable attorney's fees incurred in defending against the legal action." TCPA § 27.009(a)(1); *see also Sullivan*, 488 S.W.3d at 299 ("the TCPA requires an award of 'reasonable attorney's fees' to the successful movant").

Citing *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 488–89 (Tex. 2019), the Cardio entities argue that the Lawyers' request for attorney's fees "includes fees which are unnecessary, unreasonable, and unrecoverable." And quoting *Sullivan*, they argue that "[u]nder the TCPA, '[r]easonable' means 'not excessive or extreme, but rather moderate or fair.'" *See Sullivan*, 488 S.W.3d at 299. The Cardio entities' argument rests on their contention that had the Lawyers "reached out to Appellants' counsel and discussed the limitations issue," "thousands of dollars of fees" could have been saved.[5] Instead, they argue, the Lawyers filed two "duplicative dispositive motions" under the TCPA and Rule 91a.

The Cardio entities also point to four specific time entries as "duplicative and unnecessary," noting that a paralegal, a partner, and another timekeeper each charged several hours of time over two days in drafting and revising the TCPA motion to dismiss. The Lawyers explain that the challenged entries include sufficient

---

[5] Given the nature of the suit and these parties' litigious history, some of which is detailed herein, we conclude the trial court could have given this contention little weight.

detail for the trial court to have concluded that a paralegal began drafting the motion, a partner-level attorney then further drafted and revised it, and a counsel-level attorney continued to draft the motion based on additional research, after which the paralegal performed further review. Based on this evidence, it was within the trial court's discretion to conclude that the fees charged met the required standards. *See Sullivan*, 488 S.W.3d at 299 (determination of reasonable attorney's fee under TCPA is within trial court's sound discretion).

The Cardio entities also contend that the Lawyers' declaration in support of attorney's fees does not comply with Texas law because the Lawyers did not segregate the "fees incurred for TCPA dismissal activity" from "fees incurred for other proceedings." Specifically, the Cardio entities argue that the Lawyers failed to segregate the fees incurred for the TCPA motion from the fees incurred for the motion to dismiss under Rule 91a. They argue that fees relating to the Rule 91a motion were not available because they timely nonsuited their claims. *See* TEX. R. CIV. P. 91a.5(a) (court may not rule on motion to dismiss if, at least three days before the hearing date, the respondent files a nonsuit of the challenged cause of action).

The Lawyers respond that the TCPA does not limit a successful movant to recovering only those fees incurred in connection with the motion to dismiss. Instead, the TCPA requires the trial court to award "reasonable attorney's fees incurred in defending against the legal action." TCPA § 27.009(a)(1). "Legal action" is defined as "a lawsuit, cause of action, petition, complaint, cross-claim, or

counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." *Id.* § 27.001(6). This Court has concluded a trial court did not abuse its discretion by permitting recovery of fees under § 27.009(a)(1) for "defensive work" including investigating the plaintiff's claims, answering the petition, responding to motions for discovery, attending the hearing on the motion to dismiss, filing motions for protection to and quash subpoenas, and attending the hearing on attorney's fees. *Shillinglaw v. Baylor Univ.*, No. 05-17-00498-CV, 2018 WL 3062451, at *6 (Tex. App.—Dallas June 21, 2018, pet. denied) (mem. op.); *see also Joselevitz v. Roane*, No. 14-18-00172-CV, 2020 WL 1528020, at *7 (Tex. App.—Houston [14th Dist.] Mar. 31, 2020, no pet.) (mem. op.) (permitting recovery of fees "incurred pre-suit" and collecting similar cases).

We conclude that the trial court did not abuse its discretion in its award of attorney's fees to the Lawyers. We decide this portion of the Cardio entities' first issue against them.

### B. Sanctions

The Cardio entities next argue that the trial court abused its discretion by awarding the Lawyers $50,000 in sanctions. They contend:

- The Lawyers' own counsel requested a lesser amount of sanctions at the hearing;

- There is no admissible evidence to support the award;

- The trial court was not required to award sanctions in addition to attorney's fees under the TCPA;

–13–

- Deterrence is the only legitimate purpose of sanctions;

- Larsen's actions are not relevant because she is not a party;

- The amount awarded was arbitrary;

- The factors the trial court should have considered in awarding sanctions all weigh in the Cardio entities' favor;

- The Cardio entities' suit "was meritorious but for the limitations issue"; and

- The Cardio entities "would have immediately nonsuited" had the Lawyers raised the limitations issue prior to filing their TCPA motion.

The Lawyers respond that under the TCPA, the trial court was authorized to award the amount of sanctions "sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter." TCPA § 27.009(a)(2). The trial court has broad discretion to determine an amount that meets this requirement. *See Kinney v. BCG Attorney Search, Inc.*, No. 03-12-00579-CV, 2014 WL 1432012, at *11 (Tex. App.—Austin Apr. 11, 2014, pet. denied) (mem. op.).

The Lawyers contend that the record supports the trial court's exercise of its discretion to impose sanctions. They argue a court may consider (1) whether the sanctioned party has filed similar lawsuits in the past, *see 1st and Trinity Super Majority, LLC v. Milligan*, —S.W.3d—, 2022 WL 2759049, at *20 (Tex. App.—El Paso 2022, no pet.), (2) the party's prior litigation conduct, *see Jetall Cos., Inc. v. Johanson*, No. 01-19-00305-CV, 2020 WL 6435778, at *7 (Tex. App.—Houston [1st Dist.] Nov. 3, 2020, no pet.) (mem. op.), (3) the amount of attorney's fees

–14–

incurred, *ADB Interest, LLC*, 606 S.W.3d at 443, (4) whether any aggravating misconduct has occurred, *see id.*, and (5) whether prior sanctions awards were sufficient to deter the sanctioned party's misconduct, *see Kinney*, 2014 WL 1432012, at *12.

"In general, a trial court is justified in finding that a sanction serves a deterrent purpose under the TCPA when a sanctioned party has filed similar actions in the past." *Milligan*, 2022 WL 2759049, at *20 (collecting cases). In *Milligan*, even though the appellant entities had not filed prior actions, their "predecessors-in-interest" had done so, filing multiple actions in both the trial court and the court of appeals to challenge—unsuccessfully—a related receivership. *See id.* As here, the same individual controlled both the appellant entities and the predecessors in interest. *Id.*

The Lawyers cite to Kring's declaration in which he explains that Larsen is a principal of each of the Cardio entities. Kring also attached a text message by Larsen stating that once she and AC Square resolve the Underlying Litigation, the Lawyers are "on deck for a suit" and Kring's "skin, is next." The Lawyers argue that "[t]his plain threat of additional litigation" against opposing counsel "clearly implicates the TCPA's protection of the right to petition and supports the trial court's decision to sanction" the Cardio entities. Although Larsen, individually, is not a party to the Cardio entities' suit against the Lawyers, the Lawyers argue that the trial court took judicial notice of its rulings in related matters in which the Cardio entities, Larsen,

or both, are parties. The Lawyers have included motions and orders from these related cases in this appellate record that detail Larsen's and the Cardio entities' failures to comply with discovery and related orders.[6] In the Underlying Litigation, for example, the trial court granted AC Square's "Motion for Contempt for Violations of Court's Orders and Sanctions," ordering that "Larsen is guilty of contempt of this Court" for violation of several of the trial court's discovery orders.

The Cardio entities argue that the trial court could not take judicial notice "of the truth of allegations contained in pleadings." As we explained in *Gruber v. CACV of Colorado, LLC*, a court may take judicial notice of pleadings, but may not take the pleadings to be true absent testimony, other proof, or admissions by the other party. No. 05-07-00379-CV, 2008 WL 867459, at *2 (Tex. App.—Dallas Apr. 2, 2008, no pet.) (mem. op.). But "[i]t is well recognized that a trial court may take judicial notice of its own records in a cause involving the same subject matter between the same, or practically the same, parties." *Gardner v. Martin*, 345 S.W.2d 274, 276 (Tex. 1961); *see also Sierad v. Barnett*, 164 S.W.3d 471, 481 (Tex. App.—Dallas 2005, no pet.) (same, quoting *Gardner*). And here, the trial court took notice of its own prior orders in related litigation, not "allegations contained in pleadings"

---

[6] The supplemental clerk's record filed in this appeal contains selected motions and orders from the following related cases: (1) the Underlying Lawsuit, captioned as *AC Square, Inc. v. Melissa Larsen, The Cardio Grp., LLC, Larsen Medical, LLC d/b/a Cardiovascular Device Servs., LLC, Practice Freedom Coaching, LLC, Cardiology Inst. of Am., LLC, Traction Integrated Sys. LLC, and Cardiocloud, LLC*, No. DC-18-05693 in the 101st Judicial District Court of Dallas County; (2) *AC Square, Inc. v. Melissa Larsen and Practice Freedom Coaching, LLC*, No. DC-21-04344 in the 101st Judicial District Court of Dallas County, and (3) *The Cardio Grp., LLC, Cardiology Inst. of Am. LLC, and Cardiocloud, LLC v. Andrew Korn*, No. DC-21-14265 in the 193rd Judicial District Court of Dallas County.

or unauthenticated documents. *Cf. Gruber*, 2008 WL 867459, at \*2 (unauthenticated arbitration award attached to pleading in court's file was not evidence).

In its order granting the Lawyers' TCPA motion, the court expressly recited that it had taken judicial notice of the Underlying Litigation and two other related matters. In those matters, the trial court had, among other rulings, "ORDERED, that Larsen is guilty of contempt of this Court" for failing to comply with the court's orders to answer discovery and appear for her deposition; granted AC Square's application for a temporary restraining order to prevent Larsen and a related company from disposing of collateral without AC Square's consent, based on findings that that Larsen and another entity "have written hot checks totaling millions of dollars," refused to provide financial information, made "false assurances to 'not worry' about payment obligations," and threatened bankruptcy; and heard testimony from Larsen that she did not produce documents or appear for her deposition even though she knew the court had ordered her to do so.[7]

As explained by the court in *Milligan*, "[i]n determining the amount of a sanction under the TCPA, a trial court should consider the parties' litigation history,

---

[7] We also note our finding in *In re Larsen*, 2022 WL 2737766, at \*1, that Larsen, the Cardio entities, and other related entities included statements in their mandamus petition that were "unsupported or contradicted by its appendix" and omitted relevant facts and documents from their petition and appendix. We also noted that "judgment debtor relators' failure to make any payment towards the judgment and relators' failure to produce any responsive documents as of the time the petition was filed, as well as the timeline and objections regarding AC Square's pursuit of document production indicative of intent to delay the underlying proceedings and recovery of the judgment by AC Square." *Id.* Nonetheless, although we found relators' actions "concerning" and "caution[ed] them against such continued conduct," we declined to impose sanctions under appellate procedure rule 52.11. *See id.*

just as it should in determining whether a sanction is warranted in the first place." 2022 WL 2759049, at *21. And as in *Milligan*, the trial court judge who imposed the sanctions in this case was the same judge who had presided over the Underlying Litigation "and observed first-hand [appellants'] conduct" in that proceeding. *See id.* Further, the trial court rendered judgment for AC Square in the Underlying Lawsuit for $4,891,043.88 in actual damages which remained unpaid at the time of the sanction. The trial court could have considered that amount, as well as the other sanctions imposed, in determining the amount of the sanction here. *See id.* (trial court could consider sanctioned party's ability to pay in determining amount of sanctions). We conclude that considering the amount of the unpaid judgment, the past litigation history, and the filing of a time-barred petition against opposing counsel, the trial court could have reasonably concluded that an award of $50,000 in sanctions was a reasonable and necessary amount to deter the Cardio Entities from filing similar lawsuits in the future in violation of the TCPA. *See id.* We decide this portion of the Cardio Entities' first issue against them.

Having concluded that the trial court did not err by granting the Lawyers' motion to dismiss or abuse its discretion in its awards of attorney's fees and sanctions, we decide the Cardio Entities' first issue against them.

### 3. Due process

In their second issue, the Cardio entities argue that TCPA § 27.009 violates their due process rights. They contend that "the TCPA—by limiting discovery,

–18–

depriving the opportunity to confront and cross-examine witnesses, and providing for automatic assessment of fees and expenses—impermissibly strips away appropriate substantive and procedural safeguards to minimize the risk of unjust punishment." The Cardio entities did not present a due process challenge to the TCPA in the trial court and, therefore, did not preserve the challenge for appellate review. *See TCI West End, Inc. v. City of Dallas*, 486 S.W.3d 692, 701–02 (Tex. App.—Dallas 2016, pet. denied) (due process challenge not raised in trial court was not preserved for appellate review).[8] Consequently, we decide their second issue against them.

## CONCLUSION

The trial court's judgment is affirmed.

|  | /Barbara E. Rosenberg/ |
|---|---|
| 220101f.p05 | BARBARA ROSENBERG |
|  | JUSTICE, ASSIGNED |

---

[8] Waiver aside, we note that several of our sister courts have rejected similar challenges to the TCPA. *See, e.g., PNC Inv. Co., LLC v. Fiamma Statler, LP*, No. 02-19-00037-CV, 2020 WL 5241190, at *6–7 (Tex. App.—Fort Worth Sept. 3, 2020, no pet.) (mem. op.) (TCPA's summary processes are neither per se unconstitutional nor arbitrary and unreasonable when balanced against the statute's legislative purpose and basis); *Baumgart v. Archer*, 581 S.W.3d 819, 830 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (collecting cases for proposition that TCPA's limitation on discovery does not deny access to courts).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE CARDIO GROUP, LLC,
CARDIOLOGY INSTITUTE OF
AMERICA LLC, AND
CARDIOCLOUD, LLC, Appellants

No. 05-22-00101-CV     V.

JACOB B. KRING AND HEDRICK
KRING, PLLC, Appellees

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-14540.
Opinion delivered by Justice
Rosenberg. Justices Nowell and
Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Jacob B. Kring and Hedrick Kring, PLLC recover their costs of this appeal and the full amount of the trial court's judgment from appellants The Cardio Group, LLC, Cardiology Institute of America LLC, and Cardiocloud, LLC.

Judgment entered this 20th day of December, 2022.