

In The
Court of Appeals
Seventh District of Texas at Amarillo

---

No. 07-25-00215-CV

---

NIKKI MURRAY, APPELLANT

V.

THE COUNTY OF WILBARGER, TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 29,879, Honorable Cornell Curtis, Presiding

May 19, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Nikki Murray came to court armed with a simple story: *I never got the notice.* The trial court looked at the court file from the underlying tax case and found otherwise. It found a notice of the January 19, 2022 final hearing, addressed to Murray at her own address, mailed two months before the hearing. Murray's uncorroborated denial is insufficient to overcome it. We affirm.

## BACKGROUND

Wilbarger County filed a delinquent tax suit against Murray in 2016 regarding her property at 1405 Houston Street in Vernon, Texas. Murray answered, appeared at hearings, and reached an arrangement with the trial court to make ongoing payments toward her delinquent taxes. The case lingered for years. In May 2021, the County filed an amended petition adding the 2020 tax year. The case was set for a final hearing on January 19, 2022. A notice of that setting was addressed to Murray at 1405 Houston Street, her undisputed mailing address, and mailed first-class, postage prepaid, on November 23, 2021. Murray did not appear. The trial court entered a default judgment, and the property was sold at a sheriff's sale in December 2022.

Murray filed a petition for bill of review in July 2023. After a hearing on the bill of review, in which Murray testified she never received notice of the January 2022 hearing, the trial court denied the petition. The trial court took judicial notice of the entire file in the underlying suit, Cause Number 27,623, which included the notice of trial setting. From the bench, the trial court stated that "the evidence shows there was a notice of the final trial sent November 23rd, 2021, to Ms. Murray." This appeal followed.

## ISSUES PRESENTED

Murray presents four issues on appeal:

(1) Whether a party is owed due process by receipt of notice of hearings during the pendency of a lawsuit;

(2) Whether proof of service is necessary to obtain a default at trial;

2

(3) Whether a court may take judicial notice of a necessary evidentiary fact; and

(4) Whether the trial court erred in failing to reverse the tax sale after entering a default judgment without due process.

Although Murray lists four issues, she substantively argues only one: that the trial court erred in denying her bill of review because she did not receive notice of the January 19, 2022 trial setting. The remaining issues are subsumed within that single argument.

We also note that Murray's brief uses the terms *service* and *notice* interchangeably. They are not the same thing. *Service of citation* is the formal process that brings a defendant into a lawsuit. *Notice of a trial setting* is what a party already in the lawsuit receives before a hearing. Murray was served with citation in 2016, filed an answer, and appeared before the court on multiple occasions. Her appearance cured any defect in original service. *See* TEX. R. CIV. P. 120; *In re Guardianship of Fairley*, 650 S.W.3d 372, 386 (Tex. 2022). This is not a service case. It is a notice case, and we treat it as such.

## ANALYSIS

### I. Standard of Review

We review the denial of a bill of review for abuse of discretion, indulging every presumption in favor of the trial court's ruling. *Woods v. Woods*, No. 07-20-00233-CV, 2021 Tex. App. LEXIS 8091, at *2–3 (Tex. App.—Amarillo Oct. 4, 2021, pet. denied). A trial court does not abuse its discretion when basing a decision on conflicting evidence. *HouseCanary, Inc. v. Title Source, Inc.*, 622 S.W.3d 254, 259 (Tex. 2021). Because no

findings of fact or conclusions of law were timely filed, we affirm on any legal theory supported by the evidence. *Graves v. Tex. Comm'n on Envtl. Quality*, No. 03-22-00400-CV, 2024 Tex. App. LEXIS 5970, at *3 (Tex. App.—Austin Aug. 20, 2024, no pet.) (mem. op.).

## II. The Bill-of-Review Framework

A bill of review is an equitable proceeding to set aside a prior judgment no longer subject to ordinary challenge. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). The plaintiff ordinarily must prove a meritorious defense, that she was prevented from asserting it by the opposing party's fraud or wrongful act, and that she bears no fault of her own. *Id.* A plaintiff who claims lack of notice of the trial setting is excused from the first two elements but must still affirmatively prove the third—and the burden is hers. *Id.* at 96–97; *Fernandez v. Dunlap*, No. 05-23-00765-CV, 2024 Tex. App. LEXIS 6403, at *11 (Tex. App.—Dallas Aug. 28, 2024, no pet.) (mem. op.). It is presumed that a trial court hears a case only after proper notice to the parties, and the appellant must affirmatively show the absence of notice to overcome that presumption. *Id.*

## III. The Trial Court Did Not Abuse Its Discretion

Murray's case rests entirely on her own testimony that she did not receive the notice. That is not enough. The testimony of a bill-of-review plaintiff, standing alone and without corroboration, is insufficient to overcome the presumption of proper notice. *Caldwell*, 154 S.W.3d at 98 n.3. Murray offered nothing to corroborate her denial.

Against that bare denial, the trial court had affirmative evidence. It took judicial notice of the entire Cause Number 27,623 file, which the trial court is expressly authorized

4

to do.  *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274, 276 (1961).  The file contained the notice of the January 19, 2022 trial setting, addressed to Murray at her confirmed mailing address and sent first-class mail, postage prepaid, on November 23, 2021. Service by mail is complete upon deposit in the mail, postage prepaid and properly addressed.  TEX. R. CIV. P. 21a(b)(1).  That is the evidence on which the trial court relied, and it stated so plainly on the record.

Murray argues the trial court could not take judicial notice of a "necessary evidentiary fact," but she cites no authority for that proposition.  Any error was also unpreserved:[1] Murray did not object when the trial court took judicial notice, and she had herself asked the trial court in her petition to take judicial notice of the Cause Number 27,623 file.  She cannot complain on appeal about an action she invited.  *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005).

There is one additional, independent basis for affirmance.  The trial court took judicial notice of the entire Cause Number 27,623 file, yet that file does not appear in the appellate record.  When evidence considered by the trial court is omitted from the appellate record, we presume the missing material supports the trial court's judgment.  *In Interest of C.E.K.*, No. 07-15-00462-CV, 2016 Tex. App. LEXIS 9324, at *2 (Tex. App.—Amarillo Aug. 24, 2016, no pet.) (mem. op.).  The burden to bring forward a sufficient record falls on the appellant.  *Id.* at *2–3.  Murray did not carry it.

---

[1] *Sakonchick v. Overlook at Rob Roy Owner, LLC*, No. 03-23-00085-CV, 2025 Tex. App. LEXIS 1251, at *54 (Tex. App.—Austin Feb. 27, 2025, pet. denied) (mem. op.) (citing, *inter alia*, *In re K.C.B.*, 280 S.W.3d 888, 893 (Tex. App.—Amarillo 2009 pet. denied)).

Finally, the trial court was entitled to weigh Murray's credibility against the other evidence in the record. Murray came to the courthouse and made payments on her delinquent tax account the day before and the day after the January 19 hearing—yet she claims complete ignorance of it. The trial court saw and heard Murray testify. Credibility is the trial court's call, and a judgment based on conflicting evidence is not an abuse of discretion. *HouseCanary*, 622 S.W.3d at 259.

## CONCLUSION

Having overruled Murray's four issues, we affirm the judgment of the trial court.


Alex Yarbrough
Justice

6